IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBIA LUXAR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00467-X (BT) |
| | § | |
| DELORIS PHILLIPS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Defendant Deloris Phillips's motion for leave to file this removal action. For the following reasons, the Court should deny the motion and dismiss this case.

I.

Phillips "has been deemed a pernicious, abusive, and vexatious litigant by the United States Court of Appeals for the Fifth Circuit and by this Court." *Phillips v. Federal Bureau of Investigation*, 3:13-CV-1571-B, Doc. No. 10 (N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1-2 (5th Cir. May 16, 2012)). Consequently, she must obtain leave from a district judge of the Northern District of Texas to file a complaint in this court. *See Phillips v. City of Dallas*, No. 3:14-CV-3131-M, (N.D. Tex. Jan. 5, 2016).

Here, Phillips seeks to remove to federal court a closed state court eviction case that was decided against her. She challenges the state court judgment arguing

1

she was unlawfully evicted due to her age, gender, disability, and sexual orientation.

## II.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Federal courts have an independent duty "to examine the basis of subject matter jurisdiction sua sponte." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indent. Co.*, 491 F.3d 278, 28182 (5th Cir. 2007).

Phillips's attempted removal of a closed state case is, in essence, an attempt to appeal the state court judgment that was entered in favor of Plaintiff Columbia Luxar. But under the *Rooker-Feldman* doctrine,[1] federal courts lack subject matter

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Federal review of previously-litigated claims would be an impermissible collateral attack on the state court judgment. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that *Rooker-Feldman* prohibits collateral attack on state court judgments, and that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts."). Because the Court lacks subject-matter jurisdiction to consider Phillips's claims, it should deny Phillips leave to file the removal action.

III.

The Court should deny Phillips's motion for leave to file a removal action and dismiss this case.

Signed June 25, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).